UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED AUG - 5 2009
MAGISTRATE JUDGE P. MICHAEL MAHONEY
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 09 CR 50020-2 |
| | ) Magistrate Judge P. Michael Mahoney |
| NICHOLAS GALVAN | ) (Judge Frederick J. Kapala) |

## AGREED PROTECTIVE ORDER

Upon the agreed motion of the United States for entry of a protective order, it is hereby ordered:

1. All materials produced by the government in preparation for or in conjunction with any stage of the proceedings in this case, including but not limited to orders, applications, and other materials relating to communications intercepted pursuant to 18 U.S.C. § 2510 *et seq.*, grand jury transcripts, agency reports, witness statements, memoranda of interview, financial records, tax records, and any documents provided by the government, excluding trial exhibits, remain the property of the United States. Within 30 days following the later of sentencing, conclusion of an appeal, or an earlier resolution of the charge against the defendant, all such materials and all copies made thereof shall be returned to the United States without further order of Court. All material returned shall be segregated and preserved by the United States for a period of one year after sentencing or an earlier resolution of the charge against the defendant.

2. All materials provided by the United States may be utilized by the defendant and defense counsel solely in connection with the defense of this case and for no other

purpose and in connection with no other proceeding. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendant, defense counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or any other recipient may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant, defense counsel, and persons employed to assist in the defense, or such other person as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. The materials shall not be copied or reproduced by defense counsel or any other recipient, except as necessary to provide copies of the materials for use by defense counsel, the defendant and such persons as are employed by them to assist in the defense. Such copies and reproductions shall be treated in the same manner as the original matter.

4. Prior to providing or disclosing any of the materials to any recipient, including the defendant, defense counsel shall provide a copy of this Order to each recipient and shall advise each recipient that at the conclusion of this case, the materials must be returned to defense counsel. All individuals and entities receiving these materials from defense counsel shall be subject to this Order and shall not further disclose the materials or their contents except as permitted by this Order or any further order of this Court. Defense counsel shall

5. Nothing in this order shall affect the disclosure of information relating to the intercepted communications, the disclosure of which would otherwise be lawful under 18 U.S.C. § 2510 *et seq.*, and the government, including the Drug Enforcement Administration, is authorized to disclose to defendants' attorneys in the above-referenced case materials and intercepted communications relating to 18 U.S.C. § 2510 *et seq.*

6. Violation of this Order may result in the imposition of civil and criminal sanctions.

ENTER:

_____
P. MICHAEL MAHONEY
United States Magistrate Judge

DATED: 8/5/09

_____
ROBERT FAGAN, Attorney for Defendant

_____
JOSEPH C. PEDERSEN, Assistant U.S. Attorney

8/3/09
DATE

8-3-09
DATE